# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3400

_____

| | | |
|---|---|---|
| In re: R. S. McCullough; | * | Appeal from the United States |
| Darrell F. Brown, Sr., | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Appellants. | * | [PUBLISHED] |

_____

Submitted: June 11, 2012
Filed: August 17, 2012

_____

Before LOKEN, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

The Supreme Court of Arkansas issued Orders of Disbarment terminating the licenses of Reginald S. McCullough and Darrell F. Brown, Sr., to practice law in the State of Arkansas. Chief Judge J. Leon Holmes of the United States District Court for the Eastern District of Arkansas then issued orders pursuant to the District's Model Federal Rules of Discipline Enforcement directing McCullough and Brown to show cause why the district court "should not impose the identical discipline as that imposed by the State of Arkansas." In a joint response, McCullough and Brown argued the state proceedings "were devoid of real due and equal process," were arbitrary and capricious, and "applied questionable rules in a racially discriminatory and impermissible fashion." Subsequent letters to Chief Judge Holmes and a clerk of court made it clear that McCullough and Brown expected the court to hold an evidentiary hearing on the question of reciprocal discipline. Instead, the court issued disbarment orders reciting that it had reviewed the response and concluding:

Pursuant to RULE II.D of the Model Federal Rules of Discipline Enforcement, the Court has determined that the discipline imposed by the Supreme Court of Arkansas should also be imposed by this Court.

McCullough and Brown appeal the district court's disbarment orders, arguing the court erred in not following our directive that "the district court shall conduct a hearing if the accused attorney wishes to dispute facts or to be heard in mitigation." In re Bird, 353 F.3d 636, 638 (8th Cir. 2003). This contention is without merit. Rule II of the District's Model Rules governs proceedings to determine whether an attorney licensed to practice before the district court who has been disciplined by any other federal or state court should have the same discipline imposed by the district court. Rule II.D provides that, after giving the attorney opportunity to respond as provided in Rule II.B, the court "shall impose the identical discipline" unless the attorney demonstrates or the court finds that, "upon the face of the record upon which the discipline was imposed," the procedure was lacking in due process, there was a clear "infirmity of proof establishing the misconduct," imposition of the same discipline would result in grave injustice, or the misconduct "warrant[s] substantially different discipline." No hearing is mandated before this Rule II.D determination.

Bird, on the other hand, involved a district court proceeding under Rule V, which governs disciplinary complaints where "the applicable procedure is not otherwise mandated by these Rules." Rule V.A provides that the district judge "shall refer the matter to counsel for investigation." If counsel recommends and the court initiates formal disciplinary proceedings, and if the attorney in response raises an issue of fact or wishes to be heard in mitigation, Rule V.D provides that the court "shall set the matter for prompt hearing" before one or a panel of three judges. It is appropriate to mandate a hearing in Rule V proceedings "where the lawyer has not enjoyed the safeguards in prior proceedings and his misconduct necessarily comes to the attention of the court as a complaint." 353 F.3d at 640 (Bye, J., dissenting on other grounds).

In this case, McCullough and Brown provide no basis for us to determine on the face of the record in the state court proceedings that the district court erred in not holding an evidentiary hearing before making its reciprocal discipline determination. Indeed, they did not even include in the record on appeal the Supreme Court of Arkansas Orders of Disbarment and underlying state court records. "Due process does not require relitigation of valid prior judgments." In re Caranchini, 160 F.3d 420, 424 (8th Cir. 1998). As McCullough and Brown have not demonstrated that the district court failed to properly apply Rule II.D of its Model Rules, the district court orders imposing reciprocal discipline must be affirmed.

_____